Matter of DiNapoli v UBS Fin. Servs. Inc. (2019 NY Slip Op 02839)





Matter of DiNapoli v UBS Fin. Servs. Inc.


2019 NY Slip Op 02839


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9011N 653787/16

[*1] In re Michael James DiNapoli, Petitioner-Respondent,
v
UBS Financial Services Inc., et al., Respondents-Appellants.


Lagalante PLLC, New York (James L. Komie of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellants.



Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 19, 2017, vacating a Financial Industry Regulatory Authority (FINRA) arbitration award dated May 12, 2016, unanimously reversed, on the law, without costs, and the award confirmed.
The court granted the petition to vacate the arbitration award on the ground that petitioner was not properly served with notice of the arbitration. Under New Jersey arbitration law, the application of which both parties agree applies, lack of proper service "so as to substantially prejudice the rights of a party to the arbitration proceeding" is a ground for vacatur of an arbitration award (NJ Stat Ann § 2A:23B-23[a][6] [footnote omitted]).
We conclude that the arbitrator correctly found that petitioner was properly served with notice (see Selective Ins. Co. v Coach Leasing, Inc. , 2008 WL 2404183, *7, 2008 NJ Super Unpub LEXIS 1104, *18 [NJ Sup Court, App Div, June 16, 2008] ["actual knowledge of the notice is not required by our statute provided service was made at a location held out by the person as a place of delivery of such a notice (internal quotation marks omitted)]). The record demonstrates that, in accordance with its rules, FINRA served respondents' Statement of Claim on petitioner by sending it to him by regular mail at one of the three residential addresses he had provided to FINRA in a filing six weeks earlier. Under the rules, it was petitioner's obligation to keep his address information current via supplemental amendments. No amendments supplementing petitioner's residential information were submitted between the date of the aforementioned filing and the date of the arbitration award six weeks later. Nor was the Statement of Claim returned to FINRA as undeliverable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK